UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| L B H L L C | CASE NO. 2:23-CV-00436 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| V1FIBER L L C | MAGISTRATE JUDGE LEBLANC |

MEMORANDUM RULING

Before the Court is a "Third-Party Defendant HMC, LLC's Motion to Dismiss" (Doc. 94) wherein HMC Construction, LLC ("HMC") moves to have the claims of V1Fiber LLC ("V1") dismissed. V1 opposes the motion.

BACKGROUND

This lawsuit involves Plaintiff, LBH LLC ("LBH") alleged breaches of contract claims against V1, and then third-party demands by V1 against several third-party defendant subcontractors. The contract between LBH and V1 involved the installation of several fiber optic broadband projects. LBH filed suit against V1, first seeking recognition of its ownership rights to certain moveable property, damages, and sequestration that V1 allegedly unlawfully withheld or converted.[1] LBH then amended its complaint to assert a breach of contract claim against V1 for failure to perform work in a timely, safe, and workmanlike manner, and failure to cure after being notified.[2]

Thereafter, V1 filed third-party demands against several third-party defendants for work related to separate Master Service Agreements ("MSA") between these

---
[1] Doc. 1.
[2] Doc. 25.

parties/subcontractors relating to the construction and installation work that is the basis of complaint filed by LBH against V1.[3] Specifically, as to HMC, V1 seeks defense and indemnification for the alleged damages that arose out of the work performed by HMC pursuant to the MSA.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[3] *Id.* ¶ 4, amending Doc. 65 at ¶ VIII.

## LAW AND ANALYSIS

HMC moves to dismiss V1's claims for failure to state a claim upon which relief can be granted. HMC maintains that the indemnity and additional insured provisions at issue are null and void under Louisiana's Anti-Indemnity Act ("AIA"). See Louisiana Revised Statute 9:2780.1. Consequently, HMC moves to dismiss the Third-Party Demand V1 has made against it.

Under the MSA, HMC was obligated to defend, indemnify and offer additional insured protection to V1, for any damages arising from HMC's work.[4] Plaintiff, LBH, has asserted claims against V1. Should LBH recoup the entirety of its damages from V1, V1 asserts that it may face liability to LBH for HMC's conduct. Hence, V1 has asserted a Third-Party Demand against HMC for indemnity and defense. Federal Rules of Civil Procedure 14(a)(1). V1 contends that its Third-Party Demand contains sufficient factual matter to state a claim for relief against HMC.

HMC, however, contends that V1 is seeking defense and indemnity for V1's own negligence, which allegedly runs afoul of the AIA.[5]

V1 first maintains that it is not seeking a defense and indemnity for any alleged negligent work of its own, but for the negligence or deficient work performed on the Plaintiff's project by the third-party defendants, (HMC) pursuant to the MSAs. The MSA provides that "[s]ubcontractor agrees to defend, indemnify, and hold harmless V1 Fiber . .

---

[4] Doc. 94-2, p. 3.
[5] Doc. 94-1, p. 5.

. from and against any and all actual or alleged claims . . . caused by or arising from, in whole or in part, any act, omission, error, or breach of contract by [HMC]."[6]

While the Anti-Indemnity Statute nullifies defense and indemnity agreements "where there is negligence or fault on the part of the indemnitee," those provisions which do not run afoul of the statute "are enforceable just as any other legal covenant." *Ladner v. Ochsner Baptist Med. Ctr., L.L.C.,* ___ So.3d ___, 2024 WL 5054503 (La. App. 4 Cir. 12/10/24), *writ denied,* 409 So.3d 213 (La. 5/20/25). In *Lee v. Boyd Racing LLC,* Civ. Act. No. 2:22-174, 2025 WL 359286 (W.D. La. Jan. 31, 2025), this Court found that the subject contract provision does not run afoul of the AIA, because it is not seeking defense and indemnity for the negligence of V1 (in that case, this Court found that neither the indemnitee, nor the indemnitor were at fault, resulting in dismissal of the lawsuit). See also *Deggs v. Aptim Maint., LLC*, 2021 WL 1206592, at *5 (M.D. La. Mar. 30, 2021); *535 Iberville, LLC v. F.H. Myers Constr. Corp.*, 2025 WL 522701, at *4 (E.D. La. Feb. 18, 2025).

V1 also asserts that in accordance with the MSAs, HMC was obligated to "name V1 Fiber, LLC as an additional insured on its insurance policy and supply V1 Fiber with a current certificate for the same." Additionally, and alternatively, V1 asserts that to the extent the applicable liability insurance policies do not provide coverage to V1 as an additional insured for the claims, they (HMC and other subcontractors) are in breach of their contractual obligation of insurance procurement.[7]

---

[6] Doc. 94-2, p. 3.
[7] *Id.*, ¶ 5, amending Doc. 65, ¶ X.

HMC argues that the MSA requires it to provide insurance for V1's own negligence. V1 contends otherwise, and notes that the plain reading of the MSA in Section 9 (Insurance Requirements)[8] and Exhibit "C" to the MSA (Subcontractor Insurance Requirements) clearly state that V1 is to be insured by HMC for HMC's negligence, not V1's negligence.

The Court notes that HMC appears to interpret the defense and indemnity provisions to include situations where V1's own negligence is a concurrent cause, which it suggests is void under the AIA because these provisions could potentially indemnify V1 for its own negligence. HMC argues that the defense and indemnity provisions do not clearly limit liability to HMC's own negligence and distinguishes the above cited cases that found that these provisions did not run afoul of the AIA.

V1's Third-Party Demand clearly states that it is not seeking such protection.[9] The Third Party Demand asserts that "V1 Fiber, LLC does not seek defense and indemnity relief for any alleged negligent work of its own . . . but rather, for the negligent or deficient work performed on Plaintiff's projects by . . . Third Party Defendants, pursuant to their Master Services Agreements with V1 Fiber, LLC."[10]

As in *Ladner,* the Louisiana Supreme Court has held "that such [defense and indemnity] agreements are voided only to the extent that they purport to require indemnification and/or defense where there is negligence or fault on the part of the indemnitee; otherwise, they are enforceable just as any other legal covenant." 2024 WL

---

[8] Doc. 94-2, p. 6.
[9] "V1 Fiber, LLC does not seek defense and indemnity relief for any alleged negligent work of its own . . . but rather for the negligent or deficient work performed on Plaintiff's projects by . . . Third Party Defendants, pursuant to their Master Services Agreements with V1 Fiber, LLC) Doc. 65, ¶ XII.
[10] Doc. 65, ¶ XII.

5054503, at *3 (Quoting *Fontenot v. Chevron U.S.A., Inc.*, 676 So.2d 557, 563 (La. 7/2/96)) (citing *Meloy v. Conoco*, 504 So.2d 833, 838 (La. 4/6/1987). Here, V1's Third-Party Demand against HMC does not seek any defense and indemnity for its own negligence. Thus, HMC's claims that the defense and indemnity provision potentially expose HMC, or its insurer, to liability for V1's negligence is a non-issue.

If the Court finds that the defense and indemnity provisions contained in the MSAs are null and void, or unenforceable, V1 still seeks an implied obligation of defense and indemnity under the applicable law.[11] Because the Court is concluding that HMC's claim that the defense and indemnity provision run afoul of the AIA, is a non-issue, there is no reason to consider this argument.

## CONCLUSION

For the reasons explained herein, the Court will deny Third-Party Defendant HMC, LLC's Motion to Dismiss (Doc. 94).

**THUS DONE AND SIGNED** in chambers on this 2nd day of September, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[11] See Doc. 75, ¶ 7, amending Doc. 65. ¶ XII.